(November 9, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE CASSANO, Appellant. [823 NYS2d 395]—

Order, Supreme Court, New York County (Lewis Bart Stone, J.), entered on or about May 31, 2002, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.

In 1996, defendant was convicted of attempted kidnapping in the second degree. The order on appeal adjudicated him a sex offender pursuant to Correction Law § 168-a (2) (a) (i), which includes within the category of "sex offenses" certain abduction-related crimes committed against children by persons other than their parents. Defendant, who had requested the hearing court to adjudicate him a level two offender, presently argues that he should not have been adjudicated a sex offender at any level. He argues that the statute is unconstitutional as applied to him, because there is no evidence that his crime had a sexual aspect or motive, so that requiring him to register as a sex offender does not serve the interests underlying SORA. This claim is improperly raised for the first time on appeal (CPLR 4017, 5501 [a] [3]; *see also* Correction Law § 168-n [3] [SORA appeals governed by applicable CPLR provisions]), and we decline to reach it. In any event, were we to reach this claim, we would find that the statute is, at the very least, constitutional as applied to defendant, who has a prior felony conviction involving

sex crimes against two children, who has a diagnosed personality disorder, and whose attempted kidnapping of a child was committed under circumstances that did not negate a possible sexual motive. Concur—Buckley, P.J., Tom, Mazzarelli, Saxe and McGuire, JJ.